UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ACTION NISSAN, INC.,**

      **Plaintiff,**

v.                                        Case No: 6:21-cv-2152-WWB-EJK

**HYUNDAI MOTOR AMERICA CORPORATION,**

      **Defendant.**

## ORDER

This cause comes before the Court on Defendant Hyundai Motor America Corporation's Unopposed Motion for Leave to File Under Seal (Doc. 92), filed June 14, 2023. Upon consideration, the Motion is due to be denied.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *U.S. v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the

> information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

In addition, Local Rule 1.11 requires the following for filing a document under seal if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

Local Rule 1.11(c).

Defendant has not complied with the Local Rule's requirements, as the Motion fails to discuss why sealing is necessary—as opposed to other means, such as redaction—and does not contain a memorandum of legal authority in support. Further, Defendant fails to include a statement of the proposed duration of the seal. Consequently, the Court cannot evaluate whether there is good cause for the sealing of the documents at issue.

Upon consideration, it is hereby **ORDERED** that the Motion for Leave to File Under Seal (Doc. 92) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on June 16, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE