UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| HYUDAI MOTOR AMERICA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> EFN WEST PALM MOTOR SALES, LLC, <br>    Defendant/Counterclaim Plaintiff/Third-Party Plaintiff <br><br> GENE KHAYTIN; ERNESTO REVEULTA; EDWARD W. NAPLETON; GEOVANNY PELAYO; JORGE RUIZ, <br><br> Defendants. <br><br> EFN WEST PALM MOTOR SALES, LLC; for itself and in the name of the Department of Highway Safety and Motor Vehicles of the State of Florida, for its use and benefit, <br><br> Counterclaim-Plaintiff/Third-Party Plaintiff, <br><br> v. <br><br> HYUNDAI MOTOR AMERICA CORPORATION, <br><br> Counterclaim-Defendant, <br><br> AND <br><br> HYUNDAI MOTOR COMPANY <br><br> Third-Party Defendant. | Case No. 9:20-cv-82102-WM |

**HYUNDAI MOTOR AMERICA CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO EFN WEST PALM MOTOR SALES, LLC's AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

Plaintiff, HYUNDAI MOTOR AMERICA CORPORATION ("HMA"), by and through its undersigned counsel, hereby provides its Answer and Affirmative Defenses to EFN WEST PALM MOTOR SALES, LLC's ("West Palm") Amended Counterclaims and Third-Party Complaint (ECF No. 318). All allegations not specifically admitted herein are denied.

## ANSWER

### Introduction

1. In answer to Paragraph 1, HMA admits that West Palm has asserted counterclaims against and third-party claims against HMA and Hyundai Motor Company ("HMC").

2. HMA denies the allegations in Paragraph 2.

3. HMA denies the allegations in Paragraph 3.

4. HMA denies the allegations in Paragraph 4.

5. HMA denies the allegations in Paragraph 5.

6. In answer to Paragraph 6, HMA refers West Palm to its Amended Counterclaims and Third-Party Complaint, which speak for itself and denies any allegations that are inconsistent with the contents of its pleadings. HMA further denies that West Palm has adequately pled a factual or legal basis for any damages or that it is entitled to any relief or damages from HMA.

7. In answer to Paragraph 7, HMA admits, upon information and belief, West Palm is an Illinois Limited Liability Company with its principal place of business in Palm Beach County, Florida and it is an affiliate of the Napleton Automotive Group. The remaining allegations in Paragraph 7 call for legal conclusions to which no response is required. To the extent a response is required, HMA denies the allegations contained in Paragraph 7 and refers West Palm to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq*.) which speaks for itself.

8. In answer to Paragraph 8, HMA admits that it is a California corporation with its headquarters in California. HMA further admits that it is registered to do business in Florida. The remaining allegations in Paragraph 8 call for legal conclusions to which no response is required. To the extent a response is required, HMA denies the allegations contained in Paragraph 8 and refers West Palm to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*) which speaks for itself.

9. In answer to Paragraph 9, HMA admits only that it entered into a Hyundai Dealer Sales and Service Agreement with West Palm under which it operates an authorized Hyundai dealership at 2301 Okeechobee Boulevard in West Palm Beach, Florida and states that the Dealer Agreement speaks for itself. The remaining allegations in Paragraph 9 call for legal conclusions to which no response is required. To the extent a response is required, HMA denies the allegations contained in Paragraph 9 and refers West Palm to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*) which speaks for itself.

10. The allegations in Paragraph 10 are directed at a party other than HMA and thus no response is required. To the extent a response is required, HMA admits only that Hyundai Motor Company ("HMC") is a South Korean company and that HMA is a wholly owned subsidiary of HMC. The remaining allegations in Paragraph 10 call for legal conclusions to which no response is required. To the extent a response is required, HMA denies the remaining allegations contained in Paragraph 10 and refers West Palm to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*) which speaks for itself.

## Jurisdiction and Venue

11. Paragraph 11 calls for legal conclusions to which no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 11.

12. Paragraph 12 calls for a legal conclusion to which no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 12.

13. Paragraph 13 calls for a legal conclusion to which no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 13.

14. Paragraph 14 calls for a legal conclusion to which no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 14.

15. Paragraph 15 calls for a legal conclusion to which no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 15.

16. Paragraph 16 calls for a legal conclusion to which no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 16.

17. The allegations in Paragraph 17 are not directed to HMA therefore no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 17.

18. The allegations in Paragraph 18 are not directed to HMA therefore no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 are not directed to HMA therefore no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 19.

20. The allegations in Paragraph 20 are not directed to HMA therefore no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 20.

21. Paragraph 21 calls for a legal conclusion to which no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 21.

**HMA'S System of Allocation**

22. HMA denies the allegations in Paragraph 22.

23. In answer to Paragraph 23, HMA admits that on or about August 23, 2021, West Palm filed an answer, affirmative defenses and counterclaims against HMA. HMA denies that it engaged in fraud or civil conspiracy, or violated the Robinson-Patman Act and the Florida Dealer Act. HMA denies all remaining allegations in Paragraph 23.

24. HMA denies the allegations in Paragraph 24.

25. HMA denies the allegations in Paragraph 25.

26. HMA denies the allegations in Paragraph 26 as stated. Further answering Paragraph 26, as used by HMA, turn and earn and balanced days' supply are two distinct allocation methodologies. At different times in 2019 to the present, HMA has used both methodologies to allocate vehicles.

27. HMA denies the allegations in Paragraph 27.

28. In answer to Paragraph 28, HMA admits that HMA has provided Hyundai dealers with new vehicles to replace sold units to the extent new vehicle supply has been available. Further answering Paragraph 28, after a reasonable, good faith investigation, HMA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 and therefore denies those allegations. HMA denies the remaining allegations in Paragraph 28.

29. HMA denies the allegations in Paragraph 29.

30. In answer to Paragraph 30, HMA denies that it has failed to allocate sufficient new vehicle inventory to West Palm such as to directly and negative impact West Palm's sales. Further answering Paragraph 30, HMA refers West Palm to HMA's complete month end and YTD sales charts as of June 2021 which speak for themselves and denies any allegations that are inconsistent with the contents of those charts.

31. In answer to Paragraph 31, HMA denies that is has failed to allocate sufficient new vehicle inventory to West Palm such as to directly and negative impact West Palm's sales. Further answering Paragraph 31, HMA refers West Palm to HMA's complete month end and YTD sales update charts as of September 2021 which speak for themselves and denies any allegations that are inconsistent with the contents of those charts.

32. In answer to Paragraph 32, HMA refers West Palm to HMA's complete month end and YTD sales update charts as of December 2021 which speak for themselves and denies any allegations that are inconsistent with the contents of those charts.

33. HMA denies the allegations in Paragraph 33.

34. HMA denies the allegations in Paragraph 34.

35. HMA denies the allegations in Paragraph 35.

### HMA's Accelerate Program

36. HMA denies the allegations in Paragraph 36.

37. HMA denies the allegations in Paragraph 37.

38. HMA denies the allegations in Paragraph 38.

39. HMA denies the allegations in Paragraph 39.

*Facility Requirements*

40. HMA denies the allegations in Paragraph 40 as stated.

41. HMA denies the allegations in Paragraph 41 as stated.

42. HMA denies the allegations in Paragraph 42.

43. HMA denies the allegations in Paragraph 43 as stated.

44. HMA denies the allegations in Paragraph 44.

45. HMA denies the allegations in Paragraph 45

46. HMA denies the allegations in Paragraph 46.

47. HMA denies the allegations in Paragraph 47.

48. HMA denies the allegations in Paragraph 48.

49. HMA denies the allegations in Paragraph 49.

**HMA's *Co-op Program***

50. HMA denies the allegations in Paragraph 50.

51. HMA admits the allegations in Paragraph 51.

52. HMA denies the allegations in Paragraph 52.

53. HMA denies the allegations in Paragraph 53.

54. HMA denies the allegations in Paragraph 54.

55. HMA denies the allegations in Paragraph 55.

**FIRST COUNTERCLAIM**
**Violation of the Florida Dealer Act, Fla. Stat. § 320.64(18)**

56. In response to Paragraph 56, HMA restates and incorporates herein its responses to the allegations in Paragraphs 1-55.

57. The allegations in Paragraph 57 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

58. The allegations in Paragraph 58 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

59. The allegations in Paragraph 59 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

60. HMA denies the allegations in Paragraph 60.

61. HMA denies the allegations in Paragraph 61.

62. HMA denies the allegations in Paragraph 62.

63. The allegations in Paragraph 63 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq*.), which speaks for itself, and denies that it has violated this statute.

64. HMA denies the allegations in Paragraph 64. HMA further denies West Palm is entitled to the requested relief following the WHEREFORE clause of Paragraph 64 or to any relief whatsoever.

## SECOND COUNTERCLAIM
### Violation of the Florida Dealer Act, Fla. Stat. § 320.64(19)

65. In response to Paragraph 65, HMA restates and incorporates herein its responses to the allegations in Paragraphs 1-64.

66. The allegations in Paragraph 66 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq*.), which speaks for itself, and denies that it has violated this statute.

67. The allegations in Paragraph 67 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq*.), which speaks for itself, and denies that it has violated this statute.

68. The allegations in Paragraph 68 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq*.), which speaks for itself, and denies that it has violated this statute.

69. HMA denies the allegations in Paragraph 69.

70. HMA denies the allegations in Paragraph 70.

71. HMA denies the allegations in Paragraph 71.

72. The allegations in Paragraph 72 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq*.), which speaks for itself, and denies that it has violated this statute.

73. HMA denies the allegations in Paragraph 73. HMA further denies West Palm is entitled to the requested relief following the WHEREFORE clause of Paragraph 73 or to any relief whatsoever.

## THIRD COUNTERCLAIM
### Violation of the Florida Dealer Act, Fla. Stat. § 320.64(22)

74. In response to Paragraph 74, HMA restates and incorporates herein its responses to the allegations in Paragraphs 1-73.

75. The allegations in Paragraph 75 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq*.), which speaks for itself, and denies that it has violated this statute.

76. The allegations in Paragraph 76 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq*.), which speaks for itself, and denies that it has violated this statute.

77. The allegations in Paragraph 77 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq*.), which speaks for itself, and denies that it has violated this statute.

78. HMA admits the allegations in Paragraph 78.

79. HMA denies the allegations in Paragraph 79.

80. HMA denies the allegations in Paragraph 80.

81. HMA denies the allegations in Paragraph 81.

82. The allegations in Paragraph 82 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

83. HMA denies the allegations in Paragraph 83. HMA further denies West Palm is entitled to the requested relief following the WHEREFORE clause of Paragraph 83 or to any relief whatsoever.

## FOURTH COUNTERCLAIM
### Violation of Robinson-Patman Act, 15 U.S.C. § 13(a)
**(Against HMA and HMC)**

84. In response to Paragraph 84, HMA restates and incorporates herein its responses to the allegations in Paragraphs 1-83.

85. HMA denies the allegations in Paragraph 85

86. The allegations in Paragraph 86 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to 15 U.S.C. § 13(a), which speaks for itself, and denies that it has violated this statute.

87. The allegations in Paragraph 87 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

88. The allegations in Paragraph 88 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

89. HMA denies the allegations in Paragraph 89.

90. HMA denies the allegations in Paragraph 90.

91. HMA denies the allegations in Paragraph 91.

92.     The allegations in Paragraph 92 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

93.     HMA denies the allegations in Paragraph 93.

94.     HMA denies the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute and denies that West Palm is entitled to injunctive relief or to any relief whatsoever.

96.     HMA denies the allegations in Paragraph 96.

97.     HMA denies the allegations in Paragraph 97.

98.     HMA denies the allegations in Paragraph 98.  HMA further denies West Palm is entitled to the requested relief following the WHEREFORE clause of Paragraph 98 or to any relief whatsoever.

**FIFTH COUNTERCLAIM**
**Violation of the Florida Dealer Act, Fla. Stat. § 320.64(38)**
**(Against HMA and HMC)**

99.     In response to Paragraph 99, HMA restates and incorporates herein it responses to the allegations in Paragraphs 1-98.

100.    The allegations in Paragraph 100 call for legal conclusions to which no response is required.  To the extent a response is required, HMA denies the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

102.	The allegations in Paragraph 102 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

103.	The allegations in Paragraph 103 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

104.	HMA denies the allegations in Paragraph 104.

105.	HMA denies the allegations in Paragraph 105.

106.	HMA denies the allegations in Paragraph 106.

107.	The allegations in Paragraph 107 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

108.	HMA denies the allegations in Paragraph 108.

109.	HMA denies the allegations in Paragraph 109.

110.	The allegations in Paragraph 110 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute and denies that West Palm is entitled to injunctive relief or to any relief whatsoever.

111.	 HMA denies the allegations in Paragraph 111.

112.	HMA denies the allegations in Paragraph 112.  HMA further denies West Palm is entitled to the requested relief following the WHEREFORE clause of Paragraph 112 or to any relief whatsoever.

**SIXTH COUNTERCLAIM**
**Violation of the Florida Dealer Act, Fla. Stat. § 320.64(37)**
**(Against HMA and HMC)**

113. In response to Paragraph 113, HMA restates and incorporates herein its responses to the allegations in Paragraphs 1-112.

114. The allegations in Paragraph 114 call for legal conclusions to which no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 114.

115. The allegations in Paragraph 115 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

116. The allegations in Paragraph 116 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

117. HMA denies the allegations in Paragraph 117.

118. HMA denies the allegations in Paragraph 118.

119. The allegations in Paragraph 119 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute and denies that West Palm is entitled to injunctive relief or to any relief whatsoever.

120. HMA denies the allegations in Paragraph 120.

121. HMA denies the allegations in Paragraph 121. HMA further denies West Palm is entitled to the requested relief following the WHEREFORE clause of Paragraph 121 or to any relief whatsoever.

**SEVENTH COUNTERCLAIM**
**Violation of the Florida Dealer Act, Fla. Stat. § 320.64(6)**
**(Against HMA and HMC)**

122. In response to Paragraph 122, HMA restates and incorporates herein its responses to the allegations in Paragraphs 1-121.

123. The allegations in Paragraph 123 call for legal conclusions to which no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 123.

124. The allegations in Paragraph 124 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

125. The allegations in Paragraph 125 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

126. HMA denies the allegations in Paragraph 126.

127. HMA denies the allegations in Paragraph 127.

128. The allegations in Paragraph 128 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute and denies that West Palm is entitled to injunctive relief or to any relief whatsoever.

129. HMA denies the allegations in Paragraph 129.

130. HMA denies the allegations in Paragraph 130. HMA further denies West Palm is entitled to the requested relief following the WHEREFORE clause of Paragraph 130 or to any relief whatsoever.

**EIGHTH COUNTERCLAIM**
**Violation of the Florida Dealer Act, Fla. Stat. 320.64(10)(b)**
**(Against HMA and HMC)**

131. In response to Paragraph 131, HMA restates and incorporates herein its responses to the allegations in Paragraphs 1-130.

132. The allegations in Paragraph 132 call for legal conclusions to which no response is required. To the extent a response is required, HMA denies the allegations in Paragraph 132.

133. The allegations in Paragraph 133 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

134. The allegations in Paragraph 134 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute.

135. HMA denies the allegations in Paragraph 135.

136. HMA denies the allegations in Paragraph 136.

137. The allegations in Paragraph 137 call for legal conclusions to which no response is required. To the extent a response is required, HMA refers to the Florida Motor Vehicle Dealer Act (Fla. Stat. § 320.60 *et seq.*), which speaks for itself, and denies that it has violated this statute and denies that West Palm is entitled to injunctive relief or to any relief whatsoever.

138. HMA denies the allegations in Paragraph 138.

139. HMA denies the allegations in Paragraph 139. HMA further denies West Palm is entitled to the requested relief following the WHEREFORE clause of Paragraph 139 or to any relief whatsoever.

**GENERAL DENIAL**

HMA denies all other allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint and each claim contained therein fails to state a claim upon which relief can be granted.

2. West Palm's Amended Complaint and each claim contained therein is barred by their failure to mitigate their alleged damages, if any.

3. West Palm's Amended Complaint and each claim contained therein is barred, in whole or in part, because the damages allegedly sustained are speculative and uncertain.

4. West Palm is not entitled to recover punitive, treble, or exemplary damages herein because West Palm has failed to allege facts sufficient to state a claim for punitive, treble, or exemplary damages or to show that HMA was guilty of oppression, fraud or malice.

5. West Palm's Amended Complaint and each claim contained therein are barred, in whole or in part, because all of HMA's allocation system and incentive programs are fair, reasonable, nonarbitrary, and equitable.

6. West Palm's Amended Complaint and each claim contained therein is barred because HMA has acted in good faith at all times, and has not violated any laws, rules, regulations or other authority at any time with respect to the facts at issue.

7. Upon information and belief, West Palm's Amended Complaint and each claim contained therein may be barred by the affirmative defenses of fraud and misrepresentation.

8. Upon information and belief, West Palm's Amended Complaint and each claim contained therein may be barred by the doctrine of unclean hands.

9. West Palm's 4th, 5th, 6th, 7th, and 8th, Amended Counterclaims are barred, in whole or in part, because of the Confidential Settlement Agreement and Release that was entered into by West Palm and HMA on November 5, 2018.

10. West Palm's claims for damages relating to alleged failures of HMA to properly allocate vehicles are barred and/or estopped because HMA has discretion as to a portion of the vehicles that it allocates to its dealers. HMA makes these discretionary allocations based on whether or not each dealer has acted as a good partner to HMA. This analysis includes consideration of a number of factors, including, but not limited to, whether the dealer has participated in Hyundai programs such as an HDAA, invested in the brand, including facilities, and whether the dealer is involved in litigation with HMA and the nature of any such litigation.

11. HMA hereby specifically reserves the right to amend its Answer to supplement with any additional defenses that may be discovered or become available during discovery.

## HMA'S PRAYER FOR RELIEF

WHEREFORE, having fully responded to West Palm's allegations, HMA respectfully requests that this Court:

1. deny the relief requested by West Palm and dismiss the Amended Complaint and each claim contained therein with prejudice;

2. enter judgment against West Palm and in favor of HMA;

3. award HMA all costs and attorney fees permitted by applicable law; and

4. order any further relief as this Court deems just and proper.

Respectfully submitted this 27th day of July, 2022.

By:*/s/ James Andrew Bertron*
Loren W. Fender, Esq. (Fla Bar No. 553921)
loren.fender@bowmanandbrooke.com
**Bowman and Brooke LLP**
Two Alhambra Plaza, Suite 800
Miami, FL 33134-5214
Tel: (305) 995-5600
Fax: (305) 995-6100

Joel H. Smith (*pro hac vice*)
joel.smith@bowmanandbrooke.com
Kevin J. Malloy, Esq. (*pro hac vice*)
kevin.malloy@bowmanandbrooke.com
**Bowman and Brooke LLP** 1441
Main Street, Suite 1200 Columbia,
SC 29201-2897
Tel. (803) 726-7420
Fax: (803) 726-7421

James Andrew Bertron, Jr. (Fla Bar No. 982849)
andy.bertron@nelsonmullins.com
Ginger Barry Boyd (Fla Bar No. 294550)
ginger.boyd@nelsonmullins.com
**Nelson Mullins Riley & Scarborough LLP**
215 S. Monroe Street, Suite 400
Tallahassee, FL 32301
Tel. (850) 681-6810
Fax. (850) 681-9792

And

Christopher C. Genovese (*Pro Hac Vice)*
Chris.genovese@nelsonmullins.com
**Nelson Mullins Riley & Scarborough LLP**
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel. (803) 799-2000
Fax. (803) 256-7500

Todd K. Norman (Fla Bar No. 62154)
todd.norman@nelsonmullins.com
**Nelson Mullins Riley & Scarborough LLP**
390 N. Orange Avenue, Suite 1400

Orlando, FL 32801
Tel. (407) 481-5200
Fax (407) 425-8377


*Attorneys for Plaintiff,*
*Hyundai Motor America Corporation*