# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ACTION NISSAN, INC.,**

       **Plaintiff,**

v.                                           **Case No: 6:21-cv-2152-WWB-EJK**

**HYUNDAI MOTOR AMERICA CORPORATION,**

       **Defendant.**

## ORDER

This cause comes before the Court on Defendant's Unopposed Motion to File Under Seal (the "Motion"), filed August 11, 2023. (Doc. 126.) Therein, Defendant seeks leave to file under seal Exhibit K to Defendant's Motion for Summary Judgment. (*Id.*) Upon review, the Motion is due to be granted.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The Court finds that Defendant has complied with the requirements under Local Rule 1.11(c) for filing a motion to seal and has articulated good cause for sealing the requested exhibit. Defendant argues that sealing the document is necessary as it "contains a data set providing sensitive business information of other dealers not involved in the pending litigation." (Doc. 126 at 2.)

The undersigned concludes that the privacy of the documents sought to be filed under seal outweighs the public right of access. *See, e.g.*, *Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Patent Asset Licensing, LLC v. Bright House*

*Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016) (permitting a party to file confidential business information under seal).

Accordingly, it is hereby **ORDERED** that the Motion to File Under Seal (Doc. 126) is **GRANTED**. Defendant is **DIRECTED** to file the document under seal through CM/ECF.[1] The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filing should be destroyed.

**DONE** and **ORDERED** in Orlando, Florida on August 14, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.