## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ACTION NISSAN, INC.,**

**Plaintiff,**

**v.**                                               **Case No: 6:21-cv-2152-WWB-EJK**

**HYUNDAI MOTOR AMERICA
CORPORATION,**

**Defendant.**

## ORDER

This cause comes before the Court on Defendant's Unopposed Motion to Seal (the "Motion"), filed August 17, 2023. (Doc. 131.) Therein, Defendant seeks leave to file under seal Exhibit 5 to Plaintiff's Motion to Disqualify Defendant's Proposed Expert Witness. (*Id.*) Upon review, the Motion is due to be granted.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The Court finds that Defendant has complied with the requirements under Local Rule 1.11(c) for filing a motion to seal and has articulated good cause for sealing the requested exhibit. Defendant argues that the exhibit "contains a detailed explanation of [its] allocation process" with "confidential and proprietary business information that would cause harm to [its] business and competitive position." (Doc. 131 at 2.)

The undersigned concludes that the privacy of the documents sought to be filed under seal outweighs the public right of access. *See, e.g.*, *Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Patent Asset Licensing, LLC v. Bright House*

*Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016) (permitting a party to file confidential business information under seal).

Accordingly, it is hereby **ORDERED** that the Unopposed Motion to File Under Seal (Doc. 131) is **GRANTED**. Defendant is **DIRECTED** to file the document under seal through CM/ECF **on or before August 23, 2023**.[1]  The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filing should be destroyed.

**DONE** and **ORDERED** in Orlando, Florida on August 21, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.