UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ACTION NISSAN, INC.,**

        Plaintiff,

v.                                       Case No: 6:21-cv-2152-WWB-EJK

**HYUNDAI MOTOR AMERICA CORPORATION,**

        Defendant.

## ORDER

This cause comes before the Court on Defendant Hyundai Motor America Corporation's Unopposed Motion to Seal (the "Motion"), filed October 10, 2023. (Doc. 166.) Therein, Defendant seeks an order directing Plaintiff to file under seal Exhibits 1, 3, and 4 to Plaintiff's Reply in Support of Its Motion for Partial Summary Judgment (Doc. 144). (*Id.* at 1.) Upon review, the Motion is due to be granted.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The Court finds that Defendant has complied with the requirements under Local Rule 1.11(c) for filing a motion to seal and has articulated good cause for sealing the requested exhibits. Defendant argues that the Court should seal Exhibits 1, 3, and 4 because they contain "confidential and proprietary business information . . . and

financial information of Hyundai dealers that are not parties to this litigation and would result in harm to the dealers' business and competitive positions." (Doc. 166 at 3.) For example, Exhibit 1 contains "competitive business [information] of a non-party dealer that did not voluntarily place its business information into the public record." (*Id*. at 2.) Exhibit 3 contains information on "HMA's internal allocation processes and systems." (*Id*.) Lastly, Exhibit 4 contains "sensitive business and financial information of dealers that are not part[ies] to this litigation." (*Id*.)

The undersigned concludes that the privacy of the documents sought to be filed under seal outweighs the public right of access. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016) (permitting a party to file confidential business information under seal).

Accordingly, it is hereby **ORDERED** that Defendant Hyundai Motor America Corporation's Unopposed Motion to Seal (Doc. 166) is **GRANTED**. Plaintiff is **DIRECTED** to file Exhibits 1, 3, and 4 to Plaintiff's Reply In Support of Its Motion

for Partial Summary Judgment (Doc. 144) under seal through CM/ECF **on or before October 16, 2023**. The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filing should be destroyed.

**DONE** and **ORDERED** in Orlando, Florida on October 13, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE