UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ACTION NISSAN, INC.,

        Plaintiff,

v.                                  Case No.: 6:21-cv-2152-WWB-EJK

HYUNDAI MOTOR AMERICA
CORPORATION,

        Defendant.
                                           /

## ORDER

THIS CAUSE is before the Court on *sua sponte* review of Defendant's Amended Answer and Counterclaim (Doc. 118). Based on this Court's review, the Counterclaim is an impermissible shotgun pleading that is due to be dismissed.

As a general matter, "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)). "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted). As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (per curiam); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290,

1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Defendant's Counterclaim falls at least into the first category of shotgun pleadings. Each count of the counterclaim reincorporates by reference every allegation of the entire pleading, including the denials and affirmative defenses set forth in the amended answer. (*See* Doc. 118, ¶¶ 176, 182).  This circumstance makes it virtually impossible to discern which of the many facts alleged supports each counterclaim and is sufficient grounds upon which to order Defendant to replead.  Therefore, Defendant's Counterclaim will be dismissed as a shotgun pleading.  Insofar as Defendant elects to amend its counterclaim, Defendant should limit the factual allegations contained therein to only those facts that

support one or more of its causes of action and shall refrain from incorporating any portion of the answer or affirmative defenses into its counterclaims.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Amended Answer and Counterclaim (Doc. 118) is **DISMISSED without prejudice**.
2. Defendant may file an amended pleading on or before **December 18, 2023**. Failure to timely file an amended counterclaim in compliance with this Order may result in dismissal without further notice.
3. Plaintiff's Motion to Dismiss HMA's Counterclaim of Fraud (Doc. 125) is **DENIED as moot**.

**DONE AND ORDERED** in Orlando, Florida on December 8, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

3