UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ACTION NISSAN, INC.,

        Plaintiff,

v.                                                                              Case No.: 6:21-cv-2152-WWB-UAM

HYUNDAI MOTOR AMERICA
CORPORATION,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Bench Memorandum on the Parties' Respective Evidentiary Burdens (Doc. 189) and Defendant's Bench Memorandum on the Parties' Respective Evidentiary Burdens (Doc. 202).

Plaintiff Action Nissan, Inc. ("**Universal**") is an authorized dealer of Hyundai and Genesis brand vehicles in Orlando, Florida, pursuant to franchise agreements with Defendant Hyundai Motor America Corporation ("**HMA**"). (Doc. 1, ¶¶ 1, 4). As is pertinent to the instant dispute, Universal raises claims for violations of several provisions of Florida's Dealer Protection Act, section 320.64, Florida Statutes (the "**DPA**"), in Counts I, II, and III of the Complaint. (Doc. 1, ¶¶ 57–106). The DPA creates a civil right of action for any person harmed by a violation of these provisions through Fla. Stat. § 320.697:

> Any person who has suffered pecuniary loss or who has been otherwise adversely affected because of a violation by a licensee of ss. 320.60–320.70, notwithstanding the existence of any other remedies under ss. 320.60–320.70, has a cause of action against the licensee for damages and may recover damages therefor in any court of competent jurisdiction in an amount equal to 3 times the pecuniary loss, together with costs and a reasonable attorney's fee to be assessed by the court. **Upon a prima facie showing by the person bringing the action that such a violation by the**

**licensee has occurred, the burden of proof shall then be upon the licensee to prove that such violation or unfair practice did not occur**.

Fla. Stat. § 320.697 (emphasis added).

The parties now ask the Court to resolve a dispute regarding the parties' Jointly Proposed Jury Instructions (Doc. 184-8).  Specifically, the parties disagree as to how the jury instructions should reflect the parties' respective burdens at trial and whether the instructions should include reference to the burden shifting language in section 320.697.  There is no dispute that section 320.697 provides for a two-step process: Universal must first make a prima facie showing that HMA has violated the DPA; HMA must then prove such violation or violations did not occur by a preponderance of the evidence.  Where the parties disagree is the point where the Court's labor ends and that of the jury begins.

Universal contends that the "prima facie showing" required by the DPA is only a threshold burden of production, rather than a burden of proof.  By this view, the Court must evaluate the sufficiency of the evidence supporting Universal's claims under the DPA.  If the Court finds there is sufficient evidence to allow Universal's DPA claims to proceed to the jury, then Universal has made its prima facie showing, the burden of proof at trial falls on HMA alone, and the jury instructions should say the same.  For its part, HMA argues that whether Universal has made its prima facie showing is not a question of mere sufficiency of the evidence, but rather a question of fact reserved for the jury.  Under this approach, the Court would instruct the jury to make a two-step determination for each DPA claim: first, the jury would determine whether Universal has carried an initial burden of proof showing a violation of the DPA.  Second, if Universal carries that initial burden, the jury must then answer whether HMA has proven that such violation did not occur by a preponderance of the evidence.

Two issues arise in resolving this dispute. First is the question of what constitutes a "prima facie showing" in the context of the DPA. Generally, a "prima facie" showing describes evidence that is "[s]ufficient to establish a fact or raise a presumption unless disproved or rebutted; based on what seems to be true on first examination, even though it may later be proved to be untrue." *Prima facie*, Black's Law Dictionary, 12th ed. 2024. However, a plain reading of the burden shifting language in section 320.697 supports the conclusion that in this context, "a prima facie showing" is a burden of proof rather than a threshold burden of production. *See* Fla. Stat. § 320.697 ("Upon a prima facie showing by the person bringing the action that such a violation by the licensee has occurred, *the burden of proof shall then be upon* the licensee to prove that such violation or unfair practice did not occur." (emphasis added)). Because the burden of proof cannot shift to a defendant if it does not rest initially with the plaintiff, it follows that in the DPA context, a plaintiff bears the burden to prove a prima facie case to the factfinder before the burden shifts to the defendant. The few cases applying the DPA support this conclusion. For example, the Florida First District Court of Appeal described the burden of proof for a claim arising from violations of sections 320.64(7) and 320.641:

> Contrary to the argument in the Director's brief, *it is [the dealer] which has the initial burden of proof* to show by a preponderance of the evidence the unfairness of [licensee's] decision to terminate the franchise agreement. The burden, following a prima facie showing of bad faith, shifts to [licensee] to show by a preponderance of the evidence it would have reached the same decision even in the absence of the alleged bad faith.

*Int'l Harvester Co. v. Calvin*, 353 So. 2d 144, 148 (Fla. 1st DCA 1977) (emphasis added) (footnote omitted). Although *International Harvester* involved claims under the DPA, the plaintiff there brought an administrative action, rather than a civil action arising under section 320.697. *Id.* at 146. Nonetheless, the Court finds that *International Harvester*

3

stands for the general proposition that a plaintiff bears, at least, the initial burden to prove unlawful conduct for claims under the DPA. Indeed, the Eleventh Circuit later cited *International Harvester*—and the burden shifting approach—favorably in a section 320.697 action. *See Dick Winning Chrysler-Plymouth of Ft. Myers, Inc. v. Chrysler Motors Corp.*, 750 F.2d 895, 898 (11th Cir. 1985); *see also Deas v. PACCAR, Inc.*, 775 F.2d 1498, 1506 (11th Cir. 1985) ("Because [defendant] did not admit the [plaintiff's] prima facie case and *thus assume the burden of proof*, it was entitled to have the jury charged in this critical aspect of its case." (emphasis added)). The Court accordingly concludes that a "prima facie showing" under section 320.697 is a burden of proof that Universal bears at trial.

Second, the Court must determine whether any language regarding the shifting burden ought to be included in the final jury instructions. Both the parties and the Court have found little authority on point, but the Eleventh Circuit's decision in *Deas* is instructive. There, the trial court granted a new trial because, as relevant, it had failed to include a jury instruction regarding the defendant's ability to rebut the plaintiff's case by showing "a good reason for the nonrenewal" of the termination of the parties' distributor contract. *Deas*, 775 F.2d at 1504. The Eleventh Circuit found that this omission was prejudicial because the defendant "did not admit the [plaintiff's] prima facie case and thus assume the burden of proof" and therefore there was "no assurance that the jury applied the appropriate burden of proof." *Id.* at 1506. Furthermore, in a recent case involving similar claims against HMA, a court in the Southern District of Florida gave final jury instructions reflecting the burden shift:

> For West Palm's counterclaims against Hyundai, West Palm has brought three claims against Hyundai under the Florida Dealer Act. For those three

4

> claims, West Palm has the initial burden to make a prima facie showing that Hyundai has committed a violation of the statute. "Prima facie" means a showing that alone is sufficient to establish the existence of a fact or facts, without considering any evidence in the case that leads to a different or contrary conclusion. It is a lower burden than preponderance of the evidence.
>
> If West Palm does not make an initial showing, then West Palm has failed to prove its claims and you must find in favor of Hyundai. However, if you find that West Palm has made a prima facie showing that Hyundai has violated the statute, then Hyundai has the burden to prove by a preponderance of the evidence that such a violation did not occur.

*Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC*, No. 9:20-cv-82102, Docket 530, at *39 (S.D. Fla. Jan. 18, 2023). Finally, the Court finds that Universal's authorities cutting against such language in the jury instructions are inapposite. *See, e.g.*, *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1322 (11th Cir. 1999) ("The court's instructions on the *McDonnell Douglas* [burden-shifting] framework ought not to have been given to the jury. . . . Whether a plaintiff has 'made out a prima facie case has no place in the jury room.'" (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992))); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). However, the burden-shifting framework established in *McDonnell Douglas* is a judicially-crafted "method of analysis for organizing a discrimination case in its initial stages." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1333 (11th Cir. 1999). Section 320.697, on the other hand, is statutory provision that expressly demands a shifting burden of proof. The Court cannot ignore this statutory command. It is accordingly **ORDERED** that the jury will be instructed that Universal will bear an initial burden of proof to make a prima facie showing that HMA committed the alleged violations of the Florida Dealer Protection Act.

**DONE AND ORDERED** in Orlando, Florida on January 29, 2025.

5

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record