**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ACTION NISSAN, INC. d/b/a UNIVERSAL HYUNDAI,

Case No.: 6:21-cv-02152

Plaintiff,

v.

HYUNDAI MOTOR AMERICA CORPORATION,

Defendant.

_____/

## PLAINTIFF'S OPPOSED MOTION FOR ENTRY OF JUDGMENT INCLUDING TREBLE DAMAGES AND INTEREST

Plaintiff, ACTION NISSAN INC., d/b/a UNIVERSAL HYUNDAI ("Universal"), in compliance with the Court's Order of February 26, 2025 [Doc 295], files this Motion for Entry of Judgment Including Treble Damages and Interest, pursuant to Florida Statutes sections 320.697, 687.01; and 55.03.

## BACKGROUND

1.  Following a jury trial, a verdict was returned in this matter on February 20, 2025.

2.  The Jury found that Defendant Hyundai Motor America Corporation ("Hyundai") was liable on Count I, violation of Section 320.64(18) Fla. Stat. and Count IV, Breach of Contract and the Covenant of Good Faith and Fair Dealing[1].Doc 289.

3.  For Count I, the Complaint and Demand for Jury Trial [Doc. 1] sought treble compensatory damages pursuant to Section 320.697. Doc. 1 at ¶¶ 15, 70(a).

4.  The Jury awarded compensatory damages of $1,156,334.08. Doc 289 at p. 6.

## ARGUMENT

---

[1] Counts IV (Breach of Contract) and V (Breach of the Covenant of Good Faith and Fair Dealing) were merged together for trial.

I. **Universal is Entitled to Treble Damages under Section 320.697 Fla. Stat.**

Universal has prevailed on a claim where it sought treble pecuniary damages resulting from a violation of the Florida Dealer Act, thus Universal is entitled to a mandatory award of treble pecuniary damages. The civil right of action plead by Universal to bring its Dealer Act claims was pursuant to Section 320.697. The Eleventh Circuit Court of Appeals has previously held "Section 320.697 is clear and unambiguous; its plain language mandates the trebling of damages when "any person" requests them." *Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of N. Am., Inc.*, 32 F.3d 528, 534 (11th Cir. 1994). In *Mike Smith* the trial court had determined the issue of trebling to be discretionary. The Eleventh Circuit overturned that holding, finding trebling to be mandatory and not an issue for the jury. *Id.* "By enabling successful litigants to recoup treble damages, the legislature's concerns over adjusting the economic power of manufacturers and promoting fair dealing are more likely to be realized." *Id.*

The Florida Supreme Court declined in a later case to take up the issue finding the matter already had "been squarely addressed by the Eleventh Circuit." *Hawkins v. Ford Motor Co.*, 748 So. 2d 993, fn.5 (Fla. 1999). Here, Universal sought treble damages in its claims, is entitled to have the judgment be entered to award treble damages.

Based on the foregoing the $1,156,334.08 should be trebled to $3,469,002.24 when judgment is entered in this case.

II. **Universal is Entitled to Prejudgment Interest**

In a diversity action such as this one, a party's entitlement to prejudgment interest is governed by the substantive law of Florida. See *Ins. Co. of North Am. v. Lexow*, 937 F.2d 569 (11th Cir. 1991). The Eleventh Circuit has approved prejudgment interest rates that are based upon state rates. *Id.* Absent contractual rates of interest, the appropriate

rate for prejudgment interest is provided in Fla. Stat. § 55.03. *See* Fla. Stat. § 687.01; Fla

Stat. §55.03. "Florida courts award prejudgment interest as an element of damages to

fully compensate the plaintiff for the value of his or her loss which was caused by the

defendant's conduct." *Torpy v. Unum Life Ins. Co. of Am.*, No. 6:16-cv-410-Orl-22DCI,

2017 WL 5239451, at *5 (M.D. Fla. Oct. 18, 2017), *aff'd*, 741 F. App'x 673 (11th Cir. 2018)

(citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214–15 (Fla. 1985)). "This

is true even if Plaintiff does not specifically plead prejudgment interest." *Mont Claire at

Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-601-SPC-KCD,

2024 WL 3937333, at *1 (M.D. Fla. Jan. 23, 2024), *aff'd*, No. 23-14162, 2024 WL 4635575

(11th Cir. Oct. 31, 2024) citing *Leila Corp. of St. Pete v. Ossi*, 230 So. 3d 488, 492 (2nd

DCA 2017).

For actions based on contract, prejudgment interest is owed from the date the

"debt is due," or from the time the cause of action accrues. *Venn v. St. Paul Fire & Marine

Ins. Co.*, 99 F.3d 1058, 1067 (11th Cir. 1996) (applying Florida law). "The interest rate is

established at the time a judgment is obtained and such interest rate shall be adjusted

annually on January 1 of each year in accordance with the interest rate in effect on that

date as set by the Chief Financial Officer " § 55.03(3), Fla. Stat., *See also Keen v. Bovie

Med. Corp.*, No. 8:12-CV-305-T-24-EAJ, 2013 WL 12159333, at *1 (M.D. Fla. Aug. 20,

2013)(finding the interest rate is adjusted annually through the date of judgment.).

Once a verdict has been reached, "computation of prejudgment interest is merely

a mathematical computation… it is a purely ministerial duty of the trial judge or clerk of

the court to add the appropriate amount of interest to the principal amount of damages

awarded in the verdict." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985).

In this case the jury did not make a determination as to when damages occurred. However, "[p]reverdict interest may be awarded even if the jury did not specify a particular date of loss, so long as a date is clear from the record." *SEB S.A. v. Sunbeam Corp.*, 148 Fed. Appx. 774, 794 (11th Cir. 2005). At trial, Plaintiff argued that the damages period began July 1, 2020 and ended September 30, 2022. Trial Transcript pp. 1048:12-1049:5. (Testimony of Edward Stockton, Plaintiff's Damages Expert.) However, it would appear that the Jury found a more limited period than that based on the amount of the verdict. Hyundai conceded that it withheld vehicles beginning in February of 2022. See Trial Transcript pp. 1393:15-20, 1397:17-20, (Interrogatory Response from Hyundai regarding reasons why discretionary allocation was provided), 1885:11-18, (Closing Argument from Hyundai). The Jury asked a question regarding this topic, "We need to know the number of Vehicles that were zerod [sic] out in Discretionary allocation from Feb 2022-May 2022 as shown in the evidence." Doc 192-1.

Plaintiff would therefore argue that based on the record and the Jury's verdict, February 1, 2022 is the appropriate day to begin calculation of prejudgment interest because damages had unquestionably begun by that date.

Therefore, Plaintiff would argue that prejudgment interest should be awarded in the following amounts[2]:

---

[2] Interest rates from Florida Chief Officer. https://myfloridacfo.com/division/aa/audits-reports/judgment-interest-rates

| Time Period | Interest Rate | Daily Rate as Decimal | Daily Amount | Total Interest for Period |
|---|---|---|---|---|
| February 1- December 31, 2022 | 4.25% | .000116438 | 134.64122760704 X 334 days | $ 44,970.18 |
| January 1, 2023-December 31, 2023 | 5.52% | .000151233 | 174.87587192064 x 365 days | $ 63,829.70 |
| January 1, 2024- December 31, 2024 | 9.09% | .000248361 | 287.18828844288 X 366 days | $ 105,110.92 |
| January 1, 2025- Date of Judgment | 9.38% | .000256986 | 297.16166988288 X 64 days (Through March 5, 2025) | $ 19,018.35 through March 5, 2025. |

Plaintiffs would therefore argue the judgment should include $232,929.15 plus $297.17 per day from March 5, 2025 until Judgment is entered in prejudgment interest.

### III.    The Judgment Should Provide for Post-Judgment Interest

The method for calculating post-judgment interest rates for state law claims follows the federal standard rather than state law. *Crystal Photonics, Inc. v. Gray*, No. 6:21-CV-529-GAP-EJK, 2021 WL 3293524, at *3 (M.D. Fla. July 16, 2021), *report and recommendation adopted*, No. 6:21-CV-529-GAP-EJK, 2021 WL 3288106 (M.D. Fla. Aug. 2, 2021) (citing *Ins. Co. of N. Am. v. Lexow,* 937 F.2d 569, 572 n.4 (11th Cir. 1991). As such, the interest rate "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. Post-judgment interest shall be calculated on the total amount of the judgment, including prejudgment interest. *Gottlieb & Gottlieb, P.A. v. Crants*, No. 8:14-CV-895-T-33MAP, 2016 WL 7340310, at *6 (M.D. Fla.

Jan. 22, 2016). Further, post-judgment interest accrues automatically, even when the district court does not address the issue. *Id.* at *5.

**CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court enter Judgment trebling the amount of damages found by the Jury, $1,156,334.08 to $3,469,002.24. The Court should also award prejudgment interest based on Florida law as discussed *supra,* and post-judgment interest based on Federal law from the date of entry of the Judgment until it is satisfied.

**COMPLIANCE WITH LOCAL RULE 3.01(g)**

Plaintiff's counsel has conferred with Defendant's counsel in accordance with Local Rule 3.01(g) regarding this motion by phone on March 4, 2025. Defendant opposes this motion.

Respectfully Submitted,

**s/Jeremiah M. Hawkes**
Nicholas A. Bader (FBN 55351)
Jason T. Allen (FBN 25659)
Andrew G. Thomas (FBN 1018226)
Jeremiah M. Hawkes (FBN 472270)
**BASS SOX MERCER**
2822 Remington Green Circle
Tallahassee, Florida 32308
T: 850.878.6404
F: 850.942.4869
nbader@bsm-law.com
jallen@bsm-law.com
athomas@bsm-law.com
jhawkes@bsm-law.com

*Attorneys for Plaintiff Action Nissan Inc.*

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on March 5, 2025 , the foregoing was served via email on all

counsel of record via the Court's CM/ECF system.

*/s/ Jeremiah M. Hawkes*
