UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ACTION NISSAN, INC. d/b/a UNIVERSAL HYUNDAI FOR ITSELF AND IN THE NAME OF THE Department of Highway Safety and Motor Vehicles of the State of Florida, for its use and benefit,

    Plaintiff,

v.

HYUNDAI MOTOR AMERICA,

    Defendant.

Case No. 6:21-cv-02152-WWB

**HYUNDAI'S RESPONSE IN OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT INCLUDING TREBLE DAMAGES AND INTEREST**

Defendant, Hyundai Motor America ("Hyundai"), hereby files its response in opposition to Plaintiff Action Nissan, Inc. d/b/a Universal Hyundai's ("Plaintiff" or "Universal") Motion for Entry of Judgment Including Treble Damages and Interest for Partial Summary Judgment (the "Motion"). As set forth more fully in the below Memorandum of Law, the Motion should be denied.

**ARGUMENT**

**I.    Universal is Not Entitled to Treble Damages Because Universal Has Failed to Elect its Remedy**

The jury in this matter found in favor of Universal for two of the four causes of action. (*See* Dkt. 289). More specifically, the jury found in favor of Universal on Count I, for violation of Fla. Stat. § 320.64(18) and Count IV, breach of contract and the covenant of good faith and fair dealing. (*Id.*). Because Universal acknowledged that its damages

1

were identical for all counts, (*see* Trial Tr. at 1922:11-1923:17), the jury was only asked to return a singular damages calculation. (*Id.*). Notably, however, treble damages are only available for Universal's claim under Fla. Stat. § 320.64(18). Treble damages are **not** available under Universal's breach of contract claim.

Here, to the extent Universal is entitled to treble damages, Universal's request to treble damages is premature because Universal has failed to elect its remedy. The purpose of the doctrine of election of remedies is to prevent duplicative recovery for the same wrong by requiring a party to elect between legally coexistent and inconsistent remedies. *See Wynfield Inns v. Edward LeRoux Grp., Inc.*, 896 F.2d 483, 488 (11th Cir. 1990). A party may make this election after entry of a verdict and prior to entry of a judgment. *Id.*

It is undisputed that Universal cannot recover the awarded damages under *both* Count I and Count IV. The award is coextensive. In order to be entitled to treble damages under the Florida statute, Universal must first elect its remedy under the Florida statute and abandon its claim under Count IV. Until this election is made, Universal's request for treble damages is premature and must be denied.

II.  **Universal is Not Automatically Entitled to Treble Damages.**

Section 320.627 provides:

Any person who has suffered pecuniary loss or who has been otherwise adversely affected because of a violation by a licensee of ss. 320.60-320.70, notwithstanding the existence of any other remedies under ss. 320.60-320.70, has a cause of action against the licensee for damages and **may** recover damages therefor in any court of competent jurisdiction in an amount equal to 3 times the pecuniary loss, together with costs and a reasonable attorney's fee to be assessed by the court.

2

Fla. Stat. § 320.627 (emphasis added). Despite the clearly permissive language employed by the Florida legislature with the use of the word "may," Universal argues that the trebling of damages is mandatory based on a 1994 Eleventh Circuit case. (*See* Dkt. 296 at p. 2). There is no such binding interpretation from the Supreme Court of Florida.

Notably, the Eleventh Circuit case relied on by Universal, *Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of North America, Inc.*, was decided on a then popular interpretation that the Dealer Act was enacted to "redress the economic imbalance which naturally exists between national manufactures and local dealers." 32 F.3d 528, 533 (11th Cir. 1994) (citations omitted). Florida courts have since emphatically rejected the claim that the intent of the Dealer Act "is to protect dealers from powerful manufacturers." *Recovery Racing, LLC v. Maserati N. Am., Inc.*, 261 So. 3d 600, 603 n. 2 (Fla. 4th DCA 2019); *see also Porsche Cars N. Am., Inc. v. Copans Motors Inc.*, 343 So. 3d 576, 583 (Fla. 4TH DCA 2022). As the *Recovery Racing* Court explained, "the legislature has declared its intent and has said nothing about protecting dealers. The focus of section 320.605 appears to be primarily to protect 'citizens of the state' and to promote fair dealing in the motor vehicle sales industry." *Id.*[1]

The Eleventh Circuit heavily relied on this perceived legislative intent of protecting dealers in deciding that treble damages are mandatory under section 320.627. *See Mike Smith*, 32 F.3d 533-34 (finding that the act was "promulgated, in part, to ameliorate the abusive tactics and harsh practices automobile manufacturers commonly imposed on

---

[1] The legislative intent of the Dealer Act is as follows: "It is the intent of the Legislature to protect the public health, safety, and welfare of the citizens of the state by regulating the licensing of motor vehicle dealers and manufacturers, maintaining competition, providing consumer protection and fair trade, and providing minorities with opportunities for full participation as motor vehicle dealers." Fla. Stat. § 320.605.

3

their franchisees). Because the Florida courts have since rejected this interpretation, and the supreme court has never formally adopted the Eleventh Circuit's position that trebling is mandatory, Universal's conclusory claim that it is automatically entitled to treble damages must be rejected. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1021 (11th Cir. 2014) (Federal courts "are bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." (internal quotation marks and citation omitted)).

Instead, because the statute uses the permissive term "may," treble damages are a matter of discretion. Universal has failed to proffer any justifiable reason for why treble damages should be awarded in this case. An award of treble damages does not advance the public interest, nor does it protect the citizens of the state of Florida. At no point during the trial was there any evidence or suggestion that the citizens of Florida have been harmed as a result of Hyundai's conduct.

Accordingly, the Court should reject Universal's claim that it is automatically entitled to treble damages as a matter of law.

### III. Universal Has Failed to Establish a Fixed Date of Loss and is Therefore Not Entitled to Prejudgment Interest.

In diversity cases, state law governs an award of prejudgment interest. *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984). Under Florida law, "[i]t is well settled that a plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment." *Alvarado v. Rice*, 614 So. 2d 498, 499 (Fla. 1993) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). Therefore, "[t]o receive an award of

4

prejudgment interest as damages, a plaintiff must show only two things: '(1) [o]ut-of-pocket pecuniary loss, and (2) a fixed date of loss.'" *Chavez v. Mercantil Commercebank, N.A.*, 601 F. App'x 814, 816 (11th Cir. 2015) (quoting *Underhill Fancy Veal, Inc. v. Padot*, 677 So. 2d 1378, 1380 (Fla. Dist. Ct. App. 1996)). It is the plaintiff's burden to prove entitlement to and the proper amount of prejudgment interest. *See Albanese Popkin Hughes Cove, Inc. v. Scharlin*, 141 So. 3d 743, 747 (Fla. 3rd DCA 2014); *MWH Constructors, Inc. v. Brown & Brown Elec., Inc.*, No. 9:17-CV-80902, 2018 WL 2087687, at *9 (S.D. Fla. May 4, 2018).

> As the Eleventh Circuit explained in *Sos*:
>
> Florida adheres to the "loss theory" of prejudgment interest. Under this theory, prejudgment interest is a mandatory component of a plaintiff's compensatory damages in any case in which the plaintiff's loss is pecuniary in nature, including those grounded in contract.
>
> In a breach of contract action, prejudgment interest is awarded "from the date of the loss or the accrual of the cause of action." Generally, this is the date on which payment was due under the contract.

*Sos v. State Farm Mut. Auto Ins. Co.*, No. 21-11769, 2023 WL 5608014, at *19 (11th Cir. Aug. 30, 2023) (citations omitted).

In this case, Universal has failed to carry its burden of establishing the date of the loss. "Florida law ... link[s] the date prejudgment interest begins to accrue to the date the plaintiff suffered the pecuniary loss for which the plaintiff is being compensated." *Arizona Chem. Co., LLC v. Mohawk Indus., Inc.*, 197 So. 3d 99, 102 (Fla. 1st DCA 2016). "[The] [p]laintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and [the] defendant's liability therefor." *Argonaut*, 474 So. 2d at 215. The pertinent date is the date when the loss was incurred:

> Whether the case sounds in tort or contract, when prejudgment interest is proper, it is to be awarded from the date of the plaintiff's actual loss, be that

5

>loss a diminution in the value of the plaintiff's property, a payment the plaintiff has made to a third party, or some other form of pecuniary loss for which prejudgment interest is authorized.

*Arizona Chem. Co., LLC*, 197 So. 3d at 104–05 (citing *Argonaut*, 474 So. 2d at 214–15; *Bosem*, 46 So. 3d at 46). Identifying the date of loss for purposes of awarding pre-judgment interest cannot be done based on the record in this case.

Universal acknowledges that "the jury did not make a determination as to when damages occurred." (Dkt. 296 at p. 4). Hyundai does not dispute this. The jury verdict form did not ask the jury to identify the date of the loss, nor did the Plaintiff request that such a question be included. It is likewise undisputed that the jury rejected the dozens of damages theories proffered by Universal, as the amount awarded by the jury does not match any of the theories proffered by Universal. Despite this uncertainty, Universal argues that "February 1, 2022 is the appropriate day to begin calculation of prejudgment interest because damages had unquestionably begun by that date." (Dkt. 296 at p. 4). The certainty required to identify February 1, 2022, as the date of loss for purposes of awarding pre-judgment interest cannot be met. Universal infers that the jury determined this to be the date the loss from cherry-picked testimony elicited during the trial and a question received from the jury about the number of vehicles at issue, not the date the harm started, prior to the verdict. (*Id.*).

Universal's argument fails on both factual and legal grounds. As a factual matter, Universal's theory is nothing more than rank speculation. Universal's argument is predicated on nothing more than a single question asked by the jury—a question that both parties agreed could not be answered by the Court other than to direct the jury to refer back to the evidence presented at trial. (*See* Trial Tr. at 1933:9-1936:12). While the

6

question may be indicative that the jury rejected Universal's argument that the period of harm began in 2021, neither Universal nor this Court can infer the jury determined the date of loss was February 1, 2022 for purposes of awarding pre-trial interest from this single question. Nor can the actual date of harm be determined by the few lines in the trial transcript during a nine-day jury trial cited by Universal. It is not possible to pin down the jury's decision as to the exact date of loss from the record as required for this Court to award pre-judgment interest.

Moreover, even taking Universal's assumption as true, Universal has failed to carry its burden that damages began in February 2022. Universal is conflating lost inventory for lost profits and pecuniary loss. As Universal's own expert testified at trial, there is a delay between when a vehicle is wholesaled (*i.e.*, allocated to and purchased by the dealer) and retailed (*i.e.*, sold to an end consumer). (*See* Trial Tr. at 1004:11-1005:7, 1033:24-1334:6). The lost profit damages asserted by Universal do not occur when the vehicle was or was not allocated; instead, the damages occur when the vehicle is or is not sold to an end consumer. As such, February 2022 cannot reasonably be when damages began, even assuming Universal's assumption is true. If that was the first date Universal was withheld *allocation*, the first date of *lost profits* would be up to months later.

Lastly, as a factual matter, Universal's assumptions ignore that the claimed damages did not all accrue at a singular point in time. Rather, Universal argued at trial that it lost a certain amount of allocation each month. (*See* Trial Tr. 971:5-973:18; *see also id.* at 1175:21-1177:2 and Def. Ex. 453). Assuming this is true, Universal did not suffer this loss as a lump sum beginning in February 2022. Rather, the lost profits were

7

incurred over an indeterminate period. As one Florida appellate court explained a similar situation:

> In cases where the application of prejudgment interest involves a series of payments consisting of some past due, the amount of prejudgment interest is to be accurately computed by: (1) determining when each progress payment would have become due if the contract had been performed as agreed; (2) calculating the interest on each progress payment from the date it would have become due; and (3) totaling the interest due on each progress payment.

*Langsetmo v. Metza*, 335 So. 3d 708, 711 (Fla. 4th DCA 2022) (internal quotation marks and citations omitted).

Although this matter does not involve "progress payments," the impact of the type of lost profit damages is the same. To the extent any prejudgment interest is proper, it should be calculated periodically based on when the losses occurred; yet, Universal failed to supply the Court with this information. Universal has therefore failed to carry its burden.

Thus, Universal failed to carry its burden of establishing the date of the loss for three separate and independent reasons: (1) there is no definitive way to know when the jury determined the date of the loss occurred; (2) Universal ignores that lost allocation and lost profits are not directly connected temporally; and (3) Universal ignores that the lost profits damages accumulated over a period of time rather than on a single date.

While "Florida law supports the proposition that prejudgment interest can be awarded properly from the latest possible date of loss," *SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 795 (11th Cir. 2005), Universal does not supply a latest-possible date for any of its monetary damages. As such, the date of the loss is not ascertainable. *See MWH Constructors, Inc. v. Brown & Brown Elec., Inc.*, No. 9:17-CV-80902, 2018 WL 2087687,

8

at *9 (S.D. Fla. May 4, 2018) (declining to award prejudgment interest with the plaintiff failed to carry its burden of establishing the date of the actual loss).

When the date of the loss is not ascertainable, Florida courts have concluded that "the only possible date that liquidated the [the plaintiff's] claim for prejudgment interest purposes was the date the jury rendered its verdict." *Albanese Popkin Hughes Cove, Inc. v. Scharlin*, 141 So. 3d 743, 747 (Fla. 3rd DCA 2014). Accordingly, to the extent Universal is entitled to *any* prejudgment interest, that interest should accrue beginning on February 20, 2025.

## **CONCLUSION**

For the foregoing reasons, Universal's request for treble damages and prejudgment interest should be denied. Hyundai takes no position on Universal's request for post-judgment interest.

Respectfully submitted this 12th day of March, 2025.

        Respectfully submitted,

        NELSON MULLINS RILEY & SCARBOROUGH LLP

        *s/ Ginger Barry Boyd*
        Ginger Barry Boyd
        Florida Bar No.  294550
        215 South Monroe Street, Suite 400
        Tallahassee, FL 32301
        Tel.: (850) 907-2556
        ginger.boyd@nelsonmullins.com

        Todd K. Norman
        Florida Bar No.  62154
        390 North Orange Avenue, Suite 1400
        Orlando, FL  32801
        Phone: (407) 669-4300
        Fax: (407) 425-8377
        todd.norman@nelsonmullins.com

>Christopher C. Genovese (pro hac vice)
>South Carolina Bar No. 72630
>1320 Main Street
>Columbia South Carolina 29201
>Phone:  803-255-9593
>Chris.genovese@nelsonmullins.com
>
>*Counsel for Defendants Hyundai Motor America*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 12, 2025, the foregoing was served by electronic mail on all counsel of record via the Court's CM/ECF system.

>*s/ Ginger Barry Boyd*
>Ginger Barry Boyd